FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IVY M. H., o/b/o S.A.E.H., a minor,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | NO:  2:22-CV-171-RMP<br><br>ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Ivy M.H..[1], a parent filing on behalf of her minor daughter, SAEH, ECF No. 20, and Defendant the Commissioner of Social Security ("Commissioner"), ECF No. 24. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of SAEH's application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act") based on childhood

---

[1] The Court uses Plaintiff's first name and last and middle initials to protect her privacy.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 1

disability. *See* ECF No. 20 at 4, 9. Having reviewed the parties' briefing[2], the relevant law, and the administrative record, the Court is fully informed. For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

Plaintiff was born in 2017 and filed a claim for supplemental security income on approximately March 19, 2019.[3] Administrative Record ("AR") 54, 276–77.[4] Plaintiff alleged that she had been disabled since December 6, 2018, due to cognitive delay, speech delay, pronated feet, feeding problems, low muscle tone, socialization problems, febrile seizures, and sensory and auditory processing difficulties. AR 291. After the application was denied and on reconsideration, Plaintiff requested a hearing, which was held telephonically by Administrative Law Judge ("ALJ") Marie Palachuk from Spokane, Washington, on April 22, 2021. AR 103. Plaintiff was represented by counsel Dana Madsen, and Plaintiff's mother Ivy participated as a

---

[2] The Court notes that Plaintiff did not file any reply. Failure to comply with the filing deadlines set by Local Civil Rule 7 "may be deemed consent to the entry of an order adverse to the party who violates these rules." LCivR7(e); *see also* Fed. R. Civ. P. 56(e) ("If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.").

[3] Although SAEH appears through her mother Ivy M. H., the Court refers to SAEH as "Plaintiff" in the remainder of this Order.

[4] The Administrative Record is filed at ECF No. 14.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

1   witness.  AR 103–13.  The ALJ also heard from medical expert Nancy Winfrey,

2   PhD.  AR 103–13.  The ALJ decided to continue the hearing to allow Plaintiff's

3   counsel to obtain further records.  AR 113.

4       The ALJ reconvened the hearing telephonically on August 18, 2021, and

5   again heard testimony from Plaintiff's mother Ivy and from Dr. Winfrey.  AR 115–

6   36.

7       The ALJ issued a decision on August 27, 2021, which became the final

8   decision of the Commissioner when the Appeals Council denied Plaintiff's request

9   for review on March 28, 2022.  AR 40–45, 54–64.

10  ***The ALJ's Decision***

11      The ALJ found that SAEH was an older infant/toddler on March 19, 2019, the

12  date that Plaintiff filed the application for SSI, and was a preschooler on the date of

13  the decision.  AR 55.  At step one of the sequential analysis, the ALJ found that

14  Plaintiff had not engaged in substantial gainful activity since the application date.

15  AR 55.  At step two, the ALJ found that Plaintiff suffers from a severe impairment

16  in the form of a developmental delay, pursuant to 20 C.F.R. § 416.924(c).  AR 55.

17  The ALJ found that Plaintiff has several other impairments that are medically

18  determinable, but non-severe, including: foot/ankle pronation, bilateral astigmatism,

19  otitis media, an arm fracture, a rule-out diagnosis of asthma, gene anomalies, and

20  seizures.  AR 56.  In addition, the ALJ found that attention-deficit hyperactivity

21

1   disorder ("ADHD"), opposition-defiant disorder ("ODD"), and autism are not

2   medically determinable in Plaintiff's record.  AR 56–57.  In so finding, the ALJ

3   relied on the testimony of medical expert Dr. Winfrey in finding that there was

4   insufficient support in the record for finding ADHD to be a medically determinable

5   impairment or to find that Plaintiff meets the necessary criteria for a diagnosis of

6   autism.  AR 56–57.

7         At step three of the sequential analysis, the ALJ found that Plaintiff's

8   impairments, alone or in combination, do not meet or medically equal the severity of

9   any listing.  AR 57.  The ALJ considered listing 112.14 for developmental disorders

10  in toddlers and reasoned that Plaintiff's records establish a developmental delay of

11  age-appropriate skills but do not show that Plaintiff has an extreme limitation in one

12  or a marked limitation in two of the following developmental abilities: plan and

13  control motor movements; learn and remember; interact with others; and regulate

14  physiological functions, attention, emotion, and behavior.  AR 57.  In analyzing

15  whether the record supports the criteria of listing 112.14, the ALJ found Dr.

16  Winfrey's opinion that Plaintiff has less than a marked limitation in all of the criteria

17  persuasive "in part because she had all the evidence available for review, but also

18  because the evidence supports her opinion."  AR 57–59.

19        The ALJ then assessed Plaintiff's functioning in the six functional domains

20  and determined that her impairments do not cause marked limitations in two

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 4

domains or an extreme limitation in at least one domain of functioning. AR 59–60.

The ALJ summarized the allegations of disability as follows:

> The claimant's mother alleged that the claimant's cognitive delay, speech delay, pronated feet, feeding problems, socialization problems, low muscle tone, and febrile seizures rendered her disabled. She stated that the claimant's speech could only be understood some of the time. She also stated that the claimant could not follow two-step directions or listen to stories for at least five minutes. She further reported the claimant could not run without falling and crawled as much as she walked. Her mother stated she did not cooperate with getting dressed or brushing her teeth. The claimant was described as "very emotional and difficult to redirect," and she would cry or "shut down" when overstimulated or if she could not communicate. The claimant's home healthcare aide reported that the claimant required assistance with personal hygiene, getting dressed, and climbing onto furniture. The aide further stated that the claimant needed "steady, almost constant" observation to ensure basic safety when at home.
>
> At the hearing, the claimant's mother stated she could not dress herself, she had problems standing, and she needed reminders to go to the restroom. She also stated that the claimant had seizures with after-effects lasting about an hour. She reported the claimant had returned to speech therapy, as she would make up words for things and had other problems with speaking. Her mother testified the claimant was defiant, had no friends, could not open things by herself, had asthma, and had headaches a few times each week. She further stated the claimant's caregiver helped her comb her hair, dressing her, and moving her up and down the stairs.

AR 60–61 (citing AR 291, 303, 305, and 386–89). The ALJ determined that "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the allegations concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 5

1    evidence and other evidence in the record." AR 61.  The ALJ proceeded to discuss

2    Plaintiff's medical record and the other evidence in Plaintiff's record.  AR 61.  The

3    ALJ found that the evidence overall does not support that Plaintiff has an

4    impairment or combination of impairments that functionally equals a listing, as

5    Plaintiff does not have either "marked" limitations in two domains of functioning or

6    an "extreme" limitation in one domain of functioning.  AR 64.

7        Therefore, ALJ concluded that Plaintiff has not been disabled within the

8    meaning of the Social Security Act since March 19, 2019, the date that the

9    application was filed.  AR 64.

10       Through counsel, Plaintiff sought review of the ALJ's decision in this Court.

11   ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

14       Congress has provided a limited scope of judicial review of a Commissioner's

15   decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of

16   benefits only if the ALJ's determination was based on legal error or not supported by

17   substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing

18   42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not

19   disabled will be upheld if the findings of fact are supported by substantial evidence."

20   *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 6

1 Substantial evidence is more than a mere scintilla, but less than a preponderance.

2 *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v.*

3 *Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such

4 evidence as a reasonable mind might accept as adequate to support a conclusion."

5 *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch

6 inferences and conclusions as the [Commissioner] may reasonably draw from the

7 evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.

8 1965).  On review, the court considers the record as a whole, not just the evidence

9 supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20,

10 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

11 It is the role of the trier of fact, not the reviewing court, to resolve conflicts in

12 evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational

13 interpretation, the court may not substitute its judgment for that of the

14 Commissioner.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v.*

15 *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by

16 substantial evidence will still be set aside if the proper legal standards were not

17 applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health*

18 *and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial

19 evidence to support the administrative findings, or if there is conflicting evidence

20 that will support a finding of either disability or nondisability, the finding of the

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Childhood Sequential Evaluation Process*

To qualify for disability benefits, individuals under eighteen years old must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner is required to use a three-step sequential analysis to determine whether a child is eligible for SSI benefits. 20 C.F.R. § 416.924. First, the ALJ considers whether the child is engaged in "substantial gainful activity." *Id*. at § 416.924(a), (b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id*. at § 416.924(c). Finally, if the ALJ finds a severe impairment, the ALJ must consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id.* at § 416.924(c)-(d).

To determine whether the child's impairment or combination of impairments meets or medically equals a listing, the ALJ must assess the child's functioning in six functional domains:

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 8

(i)     Acquiring and using information;
(ii)    Attending and completing tasks;
(iii)   Interacting with and relating to others;
(iv)    Moving about and manipulating objects;
(v)     Caring for yourself; and
(vi)    Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).

An impairment "functionally equals" a listed impairment if it results in marked limitations in at least two of six functional domains or an extreme limitation in at least one domain. 20 C.F.R. § 416.926a(a). A marked limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id*. at § 416.926a(e)(2). An extreme limitation "interferes very seriously" with those abilities. *Id*. at § 416.926a(e)(3). In assessing whether the claimant has "marked" or "extreme" limitations, the ALJ must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe. *Id*. at § 416.926a(a). The ALJ must also consider the interactive and cumulative effects of the claimant's impairment or multiple impairments in any affected domain. *Id.* at § 416.926a(c).

## ISSUES ON APPEAL

The parties' briefing raises the following issues regarding the ALJ's decision:

1.  Did the ALJ err at step two by applying the incorrect legal standard for the evaluation of Plaintiff's medical impairments contrary to 20 C.F.R. § 416.924(c)?

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

2. Did the ALJ err at step three by failing to explain how Plaintiff's seizure disorder was accounted for in assessing the functional limitations in the childhood domains of functioning?

## DISCUSSION

***Step Two***

Plaintiff argues that, to find an impairment non-severe at step two, an ALJ must determine that the impairment is "*de minimis* constituting [a] 'slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations.'" ECF No. 20 at 12 (citing 20 C.F.R. § 416.924(c)). However, instead, the ALJ found Plaintiff's foot/ankle pronation, astigmatism, genetic disorders, and seizure disorder to be non-severe impairments because they "'. . . do not cause marked or severe impairments in her functioning.'" *Id.* (citing AR 55). Plaintiff argues that "the ALJ . . . mixed up two different legal standards" and "has confused the overall standard for determining disability in a child's case with the standard for assessing whether an impairment is severe under the Act." *Id.* at 13. Plaintiff submits that, as a consequence, the ALJ's step two findings are not entitled to the usual substantial evidence deference. *Id.* at 14 (citing *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000)).

The Commissioner agrees with Plaintiff that "after the ALJ found she had satisfied the step-two threshold, the ALJ then went on to consider other impairments under the step two discussion while using terms of art pertinent to findings at step-

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

three." ECF No. 24 at 5 (citing AR 55–56).  However, the Commissioner argues that once the ALJ found any impairment severe at step two, she could continue with the sequential evaluation process, and an "omission [at step two] is immaterial as long as the ALJ considers the limitations from those impairments in the remainder of the analysis." *Id.* at 5–6.  The Commissioner further argues that the ALJ explained why each of Plaintiff's impairments do not cause marked or severe functional limitations, and Plaintiff does not show that the evidence establishes greater limitations than the ALJ found.  *Id.* at 6 (citing *Valentine v. Comm'r Soc. Sec. Admin.* 574 F.3d 685, 692 n. 2 (9th Cir. 2009)).

At step two, an ALJ may find an impairment non-severe if it is merely a "slight abnormality . . . that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c).  Provided that the ALJ considers the limitations resulting from an impairment, failing to find the impairment severe is harmless error.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

There is no dispute that the ALJ resolved step two in Plaintiff's favor by finding that developmental delay is a severe impairment.  AR 55.  The ALJ found Plaintiff's remaining impairments non-severe by finding that Plaintiff's other "conditions do not cause marked or severe limitations in her functioning" even though the impairments are medically determinable.  AR 55.  The ALJ did not discuss whether the omitted impairments, alone or in combination, cause more than

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

1  minimal functional limitations. AR 55–56. Rather, the ALJ discussed in significant

2  detail, in reference to the record, the degree of limitation resulting from Plaintiff's

3  foot/ankle pronation, bilateral astigmatism, underlying genetic syndrome, and

4  seizures, and concluded that these impairments do not cause a marked or severe

5  limitation in any functional domain. AR 56. With respect to seizures, the ALJ

6  added that "even if [Plaintiff's] seizures were considered severe for the purposes of

7  this decision, the undersigned still would not find a marked or greater limitation in

8  any particular functional domain." AR 56. The ALJ further found ADHD, ODD,

9  and autism to lack sufficient support in the record to qualify as medically

10 determinable impairments. AR 56–57.

11    Plaintiff does not offer legal authority supporting that the ALJ erred in finding

12 the omitted impairments non-severe. *See* ECF No. 20 at 11–15. However, even

13 assuming legal error in the ALJ's failure to articulate whether Plaintiff's

14 impairments other than developmental delay are merely slight abnormalities that

15 cause no more than minimal functional limitations, the ALJ's decision goes on to

16 address each omitted impairment and considers the degree of functional impairment

17 supported by the evidence. AR 55–57. Therefore, the Court finds no support for

18 finding any error by the ALJ at step two to be consequential. *See Tommasetti v.*

19 *Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he court will not reverse the

20 decision of the ALJ's decision for harmless error, which exists when it is clear from

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 12

the record that the ALJ's error was inconsequential to the ultimate nondisability determination.").

The Court finds in favor of the Commissioner regarding Plaintiff's assignment of error at step two.

**Step Three**

Plaintiff next argues that, "[a]s a result of the ALJ's finding [Plaintiff's seizure disorder] non-severe at step two, she did not adequately consider Plaintiff's seizure disorder in assessing the functional limitations under the whole child standard at step three." ECF No. 20 at 16. Plaintiff continues that the ALJ did not discuss Plaintiff's seizure disorder at step three, asserting that [t]his is further evidence of the taint from the ALJ's legal improper non-severe finding at step two." *Id.*

The Commissioner responds that the ALJ considered Plaintiff's seizure impairment in light of the step three criteria, albeit in the step two section of her decision, and cited to substantial evidence in finding that Plaintiff's seizures do not cause a marked or greater limitation in any functional domain. ECF No. 24 at 9 (citing AR 56, 589, 568, 674). The Commissioner further argues that the ALJ's "discussion satisfied the agency's 'whole child' approach for determining whether an impairment functionally equaled the severity of any listing at step three." *Id.* at

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 13

9–10 (citing AR 60, in which the ALJ considered Plaintiff's mother's allegations that febrile seizures render Plaintiff disabled).

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *see also Lisette R. v. Kijakazi*, 2023 U.S. Dist. LEXIS 175143, *7 (D. Conn. Sept. 29, 2023) (applying the burden to claimant at step three in a claim for children's SSI benefits). A mere diagnosis does not suffice to establish disability, and the *per se* disability under a listing requires "a higher level of severity than the statutory standard" for disability under the SSA. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990); *see also Key v. Heckler*, 754 F.2d 1545, 1549–50 (9th Cir. 1985). A claimant must show that her impairment meets all of a listing's specified medical criteria. *Sullivan*, 493 U.S. 521 at 530.

The Court agrees with the Commissioner that the ALJ amply considered the degree of functional limitation resulting from Plaintiff's seizures in her decision as a whole and cited to substantial evidence in support of her findings. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (noting that district courts must look to "*all* of the pages of the ALJ's decision" in determining whether the ALJ adequately explained his or her conclusion) (emphasis in original); AR 56, 589, 658, and 674. Moreover, Plaintiff does not show that seizures or any omitted impairment meets the criteria of any listing. The Court finds no error on this final ground.

/ / /

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 14

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Brief, **ECF No. 20**, is **DENIED**.
2. Defendant's the Commissioner's Brief, **ECF No. 24**, is **GRANTED**.
3. Judgment shall be entered for Defendant.
4. The District Court Clerk shall amend the docket in this matter to substitute Martin O'Malley as the Commissioner of the Social Security Administration.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** January 22, 2024.

                    *s/ Rosanna Malouf Peterson*
                    ROSANNA MALOUF PETERSON
                    Senior United States District Judge